UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASTELLAS US LLC, and ASTELLAS PHARMA INC.,<br><br>Plaintiffs,<br><br>v.<br><br>NYCOMED U.S. INC.,<br><br>Defendant. | Hon. William J. Martini<br>Civil Action No. 10-5599 (WJM) |
| ASTELLAS US LLC, and ASTELLAS PHARMA INC.,<br><br>Plaintiffs,<br><br>v.<br><br>NYCOMED U.S. INC.,<br><br>Defendant. | Civil Action No. 10-6326 (WJM)<br><br><br>**PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on January 20, 2011; and the Court having considered the parties' proposed discovery schedule; and for good cause shown:

IT IS on this 31st day of January, 2011,

**ORDERED THAT:**

### I. DISCLOSURES

1. Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **DONE.**

### II. DISCOVERY CONFIDENTIALITY ORDER

2. Not later than **February 20, 2011**, the parties shall present to the Court a Consent Confidentiality Order pursuant to L. Pat. R. 2.2. Any proposed confidentiality order

agreed to by the parties must strictly comply with Fed. R. Civ. P. 26(c) and L. Civ. R. 5.3. See also Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994); Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. 1995). Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order." The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered. Any such order must be clearly designated **"Discovery Confidentiality Order."** See L. Civ. R. 5.3.

## III. SCHEDULING

### a. Patent Disclosures

3. On or before **February 7, 2011**, Defendant shall provide to Plaintiffs their invalidity contentions and all accompanying documents, as required under L. Pat. R. 3.6(b)-(c).

4. On or before **February 7, 2011**, Defendant shall provide to Plaintiffs their non-infringement contentions and all accompanying documents as required under L. Pat. R. 3.6(d)-(e).

5. On or before **March 22, 2011**, Plaintiffs shall provide Defendant their disclosure of asserted claims and infringement contentions, as well as any accompanying documents, in accordance with L. Pat. R. 3.6(f).

### b. Proposed Terms for Construction

6. Not later than **February 22, 2011**, the parties shall exchange a list of claims terms that each contends should be construed by the Court pursuant to L. Pat. R. 4.1(a). The parties shall thereafter meet and confer for the purpose of limiting the terms in dispute.

### c. Preliminary Claim Constructions and Extrinsic Evidence

7. Not later than **March 15, 2011**, the parties shall simultaneously exchange preliminary proposed claim constructions and supporting evidence, in accordance with L. Pat. R. 4.2(a)-(b) (including that which a party intends to rely upon to oppose any other party's proposed constructions). Thereafter, the parties shall confer to narrow any disputed claim construction issues.

8. Not later than **April 15, 2011**, the parties shall complete and file a Joint Claim Construction and Prehearing Statement and accompanying documents, in accordance with L. Pat. R. 4.3.

9. By **May 16, 2011**, the parties shall, pursuant to L. Pat. R. 4.4, complete all discovery relating to claim construction, including any depositions with respect to claim

construction of any witnesses, other than experts, identified in the Preliminary Claim Construction statement or Joint Claim Construction and Prehearing Statement.

### d. Claim Construction Submissions

10. By **June 1, 2011**, the parties shall contemporaneously exchange and serve their opening <u>Markman</u> briefs and any evidence supporting claim construction, including experts' certifications or declarations, in accordance with L. Pat. R. 4.5(a). These briefs shall be exchanged pursuant to the now superseded Local Rule "Appendix N" procedure; the briefs should not be forwarded to, or filed with, the Court.

11. By **July 1, 2011**, any discovery from an expert witness who submitted a certification or declaration shall be concluded, in accordance with L. Pat. R. 4.5(b).

12. By **August 1, 2011**, the parties shall contemporaneously exchange and serve their responding <u>Markman</u> briefs and any evidence supporting claim construction, including any responding experts' certifications or declarations, in accordance with L. Pat. R. 4.5(c). These briefs shall be exchanged pursuant to the now superseded Local Rule "Appendix N" procedure; the briefs should not be forwarded to, or filed with, the Court.

13. By **August 15, 2011**, the parties shall confer in accordance with L. Pat. R. 4.6 to propose to the Court a schedule for a Claim Construction Hearing, to the extent the parties or the Court believe a hearing is necessary for construction of the claims at issue.

14. The Court will thereafter convene a conference to address scheduling and protocol for claim construction.

15. Not later than **thirty (30) days** after entry of the claim construction order, or upon such other date as set by the Court, each party relying upon advice of counsel as part of a patent-related claim or defense for any reason shall make the disclosures required by L. Pat. R. 3.8. A party who does not comply with the above requirements shall not be permitted to rely on advice of counsel for any purpose absent a stipulation of all parties of by order of the Court.

### e. Discovery

16. Fact discovery is to remain open through **November 15, 2011**. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

17. The deadline for the production of all documents shall be **June 6, 2011**.

18. The parties shall exchange privilege logs on or before **July 11, 2011**.

19. Each side is limited twenty-five (25) interrogatories, including all subparts, except upon leave of Court. Each side shall be limited to fifteen (15) fact depositions,

including 30(b)(6) depositions, which shall count against the limit. Each 30(b)(6) notice served shall constitute a single deposition, and seven hours shall be allowed for the completion of questioning on the topics set forth in each such notice. The parties shall meet-and-confer regarding the possible enlargement of time for depositions, should the need arise, to the extent depositions require the use of a translator, where the presumptive limitation on the time for that deposition under the Federal Rules may be modified. In addition, the parties shall, to the extent they exist, produce CVs for their corporate designees no later than one business day before the deposition. If no CV exists for a corporate designee, the parties agree that they will produce a listing, to the best of the designee's recollection, of the designee's educational background and employment positions for the last 15 years.

20. No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. See Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer shall be given unless a privilege is implicated.

21. Counsel shall confer in good faith to attempt to informally resolve all discovery disputes prior to seeking Court intervention. In the event the parties are unable to informally resolve their disputes, the matter shall immediately be brought to the Court's attention by letter, telephone call, or facsimile. See L. Civ. R. 37.1.

22. No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court.

## IV. MOTIONS

23. Any motion to join parties or amend pleadings, whether by amended complaint, third-party complaint, or otherwise, shall be returnable not later than **June 20, 2011**.

24. No motions are to be filed without prior permission from this Court. Any party that wishes to file a dispositive motion shall request a pre-motion conference with the Magistrate Judge. All calendar or dispositive motions, if permitted, shall comply with Local Civil Rules 7.1(b), Appendix N and 78.1.

25. Deadlines for dispositive motions will be set as the case proceeds.

## V. EXPERTS

26. All expert reports on behalf of the party having the burden of proof on the issue shall be delivered by **December 12, 2011**.

27. All responsive expert reports shall be delivered by **January 12, 2012**.

28. No rebuttal expert reports shall be exchanged.

29. All expert discovery shall be completed by **February 13, 2012**.

30. No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

## VI. FINAL PRETRIAL CONFERENCE

31. A final pretrial conference shall be conducted pursuant to Federal Rule of Civil Procedure 16(d) at a time and date **TO BE DETERMINED**.

32. Pursuant to paragraphs 14 and 15 of this Court's form of Final Pretrial Order, all pretrial submissions must be served upon the Court **forty-eight (48) hours** prior to the final pretrial conference.

## VII. FUTURE CONFERENCES

33. There shall be telephone status conferences before the Undersigned on:
    **March 8, 2011 at 10:30 a.m.**
    **May 16, 2011 at 10:00 a.m.**
    **August 8, 2011 at 10:00 a.m.**
    **October 17, 2011 at 10:00 a.m.**

    *Plaintiffs' counsel shall initiate the conference calls.

34. The Court may, from time-to-time, schedule conferences as may be required, either sua sponte or at the request of a party.

35. Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences and clients with full settlement authority must either attend the conference or be immediately available by telephone.

36. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

## VIII. MISCELLANEOUS

37. If a party seeks to file information under seal, the party shall be guided by L. Civ. R. 5.3(c) and the protocol contained in this Court's opinion in Pfizer v. Teva, No. 08-1331, 2010 WL 2710566, at *6 (D.N.J. July 7, 2010). The parties are reminded that the Local Civil Rules contemplate that materials will only be sealed in the least restrictive means available. See L. Civ. R. 5.3(c)(2). As a result, the Court will not, absent extreme circumstances, seal lengthy documents in their entirety. Any motion to seal that is filed and does not conform with the protocol identified in this Court's Pfizer opinion will be **denied**.

38. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

39. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

**FAILURE TO FOLLOW THIS ORDER MAY RESULT IN THE IMPOSITION OF SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

| | |
|---|---|
| Original: | Clerk of the Court |
| cc: | Hon. William J. Martini, U.S.D.J. |
| | All Parties |
| | File |